IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| In the Matter of ) | | Case No. BK19-40426-TLS |
| ) | | |
| MATTHEW SCHMITZ, ) | | |
| ) | | Chapter 7 |
| Debtor, ) | | |
| ) | | |
| ──────────────────────── ) | | ──────────────────────── |
| ) | | |
| ROGER SCOTT, ) | | Adv. Pro. A19-4031 |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | **Order** |
| ) | | |
| MATTHEW SCHMITZ, ) | | |
| ) | | |
| Defendant. ) | | |
| ) | | |

Trial was held in Lincoln, Nebraska on September 24, 2020, on Plaintiff's complaint to determine dischargeability (Filing #1). Andrew Penry appeared for Plaintiff Roger Scott. James Bocott appeared for Defendant and Debtor Matthew Schmitz. This memorandum contains findings of fact and conclusions of law. *See* Fed. R. Civ. Pro. 52; Fed. R. Bankr. Pro. 7052. This adversary proceeding is a core proceeding per 28 U.S.C. 157(b)(2)(I) and (J). For the reasons stated herein, Plaintiff's state court judgment is excepted from discharge pursuant to 11 U.S.C. § 523(a)(6) as a willful and malicious injury.

*Findings of Fact*

1. On March 19, 2019, Defendant filed a Chapter 7 bankruptcy case at Case No. BK19-40426.

2. The dispute involves what the parties refer to as an "altercation," which occurred at Bull's Bar and Grill in Hayes Center, Nebraska, around 11:30 p.m., on Friday, May 16, 2014.

3. Plaintiff and Defendant each testified as to the events at the bar and their testimony differed significantly. Plaintiff testified that he acted as the bar's bouncer in the past. Defendant was causing trouble with a third party and the bar owner asked Plaintiff to remove Defendant. Plaintiff asked Defendant to leave, but Defendant did not comply. When the tension between Defendant and the third party appeared to escalate, Plaintiff put himself between the third party and Defendant, raised his voice, and again directed Defendant to leave the bar. Defendant stuck Plaintiff in the face, fracturing Plaintiff's jaw. Plaintiff fell to the floor and landed on his rear. Plaintiff's brother testified and corroborated Plaintiff's testimony.

4. Defendant denied striking Plaintiff. Defendant testified that he was trying to de-escalate trouble started by the third party when Plaintiff pushed himself between Defendant and the third party, and Plaintiff's body hit Defendant. Plaintiff put Defendant in a chokehold and Defendant, acting in self-defense, struggled to remove himself from it. During the struggle, Plaintiff fell and hit his face on a pool table.

5. The Sheriff of Hayes County, Nebraska testified that he detained Defendant after the altercation. The Sheriff told Defendant that Plaintiff was going to the hospital, and Defendant responded, "I didn't think I hit him that hard."

6. Plaintiff and Defendant both testified that they had been drinking. Plaintiff consumed approximately five drinks between 6:00 and 11:00 p.m. Defendant did not state how many drinks he consumed but he believed he was too impaired to drive a motor vehicle after the altercation.

7. As a result of the altercation, Plaintiff suffered a fractured mandible that required surgical intervention.

8. Defendant was criminally charged in state court. He pled no contest to the charges, was found guilty of Criminal Attempt - Assault in the First Degree. He was ordered to pay restitution of $33,822.62.

9. Plaintiff sued Defendant in Nebraska state court asserting theories of assault and battery. Defendant appeared at the trial, was represented by counsel, and defended the action. The state court entered judgment in favor of Plaintiff and awarded damages, finding "Plaintiff's injuries were caused by Defendant's actions."

*Conclusions*

To prevail, Plaintiff has the burden to prove that the debt owed to Plaintiff is on account of a "willful and malicious injury." 11 U.S.C. § 523(a)(6). Willful and malicious are separate requirements. The term "willful" in § 523(a)(6) modifies the word "injury" and includes injuries caused by an intentional tort. *See Osborne v. Stage (In re Stage)*, 321 B.R. 486, 492 (B.A.P. 8th Cir. 2005).

> Injury … denotes an invasion of any legally protected interest of another…. [T]here has been an invasion of a legally protected interest which, if it were the legal consequence of a tortious act, would entitle the person suffering the invasion to maintain an action of tort.

*Id*. at 492-93. "Malice" does not require Plaintiff prove "spite, ill will, or a personal animosity", but does require more than a violation of Plaintiff's legal rights. *See Dering Pierson Group, LLC v. Kantos (In re Kantos for Cash Flow Mgmt., Inc*.), 579 B.R. 846, 851 (B.A.P. 8th Cir. 2018).

> To qualify as "malicious," a debtor's actions must be "targeted at the creditor , , , at least in the sense that the conduct is certain or almost certain to cause financial harm.". . .

> The malicious element is satisfied if, in committing the intentional tort, the perpetrator intended the resulting harm, or the harm was substantially certain or nearly certain to result.

*Id.* (internal citations omitted).

Plaintiff contends the state court judgment is preclusive and establishes both the "willful" and "malicious" requirements of § 523(a)(6).[1] The bankruptcy court must look to state law to determine the preclusive effect of the judgment. *Jacobus v. Binns (In re Binns)*, 328 B.R. 126, 129 (8th Cir. B.A.P. 2005). Under Nebraska law, issue preclusion applies when:

> (1) an identical issue was decided in a prior action, (2) the prior action resulted in a final judgment on the merits, (3) the party against whom the doctrine is to be applied was a party or was in privity with a party to the prior action, and (4) there was an opportunity to fully and fairly litigate the issue in the prior action.

*Hara v. Reichert*, 843 N.W.2d 812, 816 (Neb. 2014). The party asserting preclusion has the burden of proving its elements. *Johnson v. Miera (In re Miera)*, 926 F.2d 741, 743 (8th Cir. 1991). In this case, the parties only dispute whether the state court's judgment is sufficient to meet the first element of issue preclusion.

A state court action to establish a debt is distinct from whether the debt is dischargeable in bankruptcy. *See Tatge v. Tatge (In re Tatge)*, 212 B.R. 604, 609 (8th Cir. B.A.P. 1997). The court must review the state court judgment to see whether it establishes the elements of a prima facie case under § 523. *See Hobson Mould Works, Inc. v. Madsen (In re Madsen)*, 195 F.3d 988, 989-90 (8th Cir. 1999).

Plaintiff's civil complaint contains only two theories of recovery: battery and assault. Although the judgment does not specify which theory the court accepted, the judgment is based upon an intentional tort. "Battery and assault are separate torts resulting from a defendant's *intentional actions directed toward another*." *Bergman by Harre v. Anderson*, 411 N.W.2d 336, 339 (Neb. 1987) (emphasis added). "A battery requires 'an actual infliction' of an unconsented injury upon or unconsented contact with another." *Id*. An assault is a 'wrongful offer or attempt with force or threats, made in a menacing manner, with intent to inflict bodily injury upon another with present apparent ability to give effect to the attempt,' without requiring that the one assaulted be subjected to any actual physical injury or contact." *Id*.

Defendant contends issue preclusion is not appropriate because under the bankruptcy code, the term "willful" modifies "injury," and the state court judgment could be based upon an intent to cause a "contact" and not an intent to cause an "injury." Defendant further notes that under state law, "the assailant need not intend the precise or particular injury which followed the assault or battery." *See Bergman by Harre v. Anderson*, 411 N.W.2d at 339. As such, Defendant appears to contend that for issue

---

[1] Plaintiff also contends that the conviction for attempted criminal assault is also preclusive. However, the criminal conviction was based upon a no contest plea. "The difference between a plea of no contest and a plea of guilty appears simply to be that while the latter is a confession or admission of guilt binding the accused in other proceedings, the former has no effect beyond the particular case." *State v. Jenkins*, 931 N.W.2d 851, 885 (Neb. 2019).

3

preclusion to apply, the state court must expressly find that Defendant intended to injure Plaintiff's jaw. Such specific findings, however, are not required.

A willful injury under § 523(a)(6) "denotes an invasion of any legally protected interest," which is the "consequence of a tortious act." *Stage*, 321 B.R. at 492-93. Intentional and tortious "physical contact" is an injury under § 523(a)(6) because it invades the legally protected interest of Plaintiff to be free from such contact. That the injury could be different than the assailant intended does not make the invasion less willful. The state court's finding of intentional, tortious, "physical contact" is sufficient for the preclusive effect of the state judgment to satisfy the willfulness prong of 11 U.S.C. § 523(a)(6).

Defendant cites secondary authority for the premise that "proof of an intentional tort is not enough" under § 523(a)(6). *See* Henry J. Sommer, *Consumer Bankruptcy Law and Practice*, § 15.4.3.6 (Willful and Malicious Injury). However, the treatise provides, "It is clear, at one end of the spectrum, for example, that assault and battery is willful and malicious." *Id*. Defendant also directs the Court to *Conte v. Gautam (In re Conte)*, 33 F.3d 303, 308 (3d Cir. 1994). *Conte* did not involve assault, battery, or any intentional tort. It involved the dischargeability of an attorney malpractice claim. The jury in *Conte* found the defendant acted with reckless indifference and that there was a "high probability" the act would produce injury. The Third Circuit Court of Appeals held that "high probability" of injury was not equivalent to the malice requirement that the injury be "substantially certain." In this case, Defendant punched Plaintiff in the face. Plaintiff's injuries were substantially or nearly certain to occur.

Defendant's act of intentionally assaulting or battering Plaintiff by hitting him in the jaw, as determined by the state court, is preclusive as to both a willful and malicious injury. "While the Bankruptcy Code is intended to give debtors a fresh start, it is not intended to be a safe haven for intentional tortfeasors." *Loch v. Trout (In re Trout)*, No. A18-4014, 2018 WL 6978270, 2018 Bankr. LEXIS 3763 (Bankr. D. Neb. Nov. 30, 2018) (citing *Hartley v. Jones (In re Hartley)*, 869 F.2d 394, 395 n.1 (8th Cir. 1989) (Bowman, J., dissenting)).

The Court independently finds the debt is excepted form discharge pursuant to § 523(a)(6) based upon the testimony of the witnesses, and after judging the credibility thereof. Plaintiff established his version of the altercation by a preponderance of the evidence. Although both Plaintiff and Defendant had been drinking, Defendant stated he was impaired by alcohol to the degree that he could not drive. Defendant's judgment and perception of the events is in question. Plaintiff acted as a bouncer at the bar. The bar owner asked Plaintiff to remove Defendant. Defendant refused to leave and ultimately struck Plaintiff in some fashion. Defendant acted willfully, by invading a legally protected interest of Plaintiff, and maliciously because in hitting Plaintiff, harm was substantially certain to occur. Later that evening, Defendant told the Sheriff, "I didn't think I hit him that hard." Although Defendant denied making this statement, and questioned the Sheriff's motives, no bias was established.

IT IS THEREFORE ORDERED that the state court judgment in favor of Plaintiff and against Debtor-Defendant is excepted from discharge pursuant to 11 U.S.C. § 523(a)(6) as a willful and malicious injury. Separate judgment will be entered.

Dated: October 22, 2020

BY THE COURT:

/s/ Brian S. Kruse
Brian S. Kruse
Bankruptcy Judge

Notice given by the Court to:
  *Andrew Penry
  James C. Bocott

Movant (*) is responsible for giving notice to other parties if required by rule or statute.